# HACK, PIRO, O'DAY, MERKLINGER, WALLACE & McKENNA

### COUNSELLORS AT LAW

#### A PROFESSIONAL ASSOCIATION

M. Richard Merklinger
John M. McKenna
Patrick M. Sages*
Robert G. Alencewicz (NJ & PA Bar)
John T. West
Thomas M. Madden
Michael J. Leegan
John E. Burgio*
Nicole J. Masella
Kathleen B. Riordan (NJ & NY Bar)
Jonathan Testa (NJ & NY Bar)

*Of Counsel*

David L. Hack
Peter A. Piro
Joseph V. Wallace
_____
William J. O'Day (1970-2008)

New York Office
600 Third Avenue, 15th Floor
New York, NY 10016-1909
(212) 692-0367

* Certified by the Supreme Court of New Jersey
as a Civil Trial Attorney

30 COLUMBIA TURNPIKE, 3RD FLOOR
POST OFFICE BOX 941
FLORHAM PARK, NEW JERSEY 07932-0941
(973) 301-6500
FAX: (973) 301-0094
www.HackPiro.com

Direct Dial No:  973-593-6926

September 15, 2011

Re:  Donna Garofolo et al v. Target Corporation
     Docket No.  GLO-L-1309-11
     Our File No.  43L-39.048951

**Via E-Filing**
Clerk,
United States District Court
Martin Luther King Jr. Federal Building
U.S. Court House
50 Walnut Street
Newark, NJ 07102

Dear Sir or Madam:

     Enclosed herewith please find Notice of Removal, Civil Cover Sheet, Application for Clerk's Extension of Time Within Which Defendant May Answer, Move or Otherwise Plead to Plaintiff's Complaint and Certification of Service in the above referenced matter.

     Kindly file same. Thank you for your attention and assistance.

                              Very truly yours,

                              THOMAS M. MADDEN

TMM:pak
Enclosure
cc: Daniel E. Rosner, Esq. **Via Federal Express and via e-mail**
    Clerk, Gloucester County **Via Federal Express**

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DONNA GAROFOLO and MICHAEL GAROFOLO h/w

**DEFENDANTS**
TARGET CORPORATION et als

**(b)** County of Residence of First Listed Plaintiff **Camden**

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Daniel E. Rosner, Esq.
Rosner Law Offices, P.C.   Tel. 856-692-6500
311 Landis Avenue    Email: drosner@rosnerlaw.net
Vineland, NJ 08360

Attorneys (If Known)
Thomas M. Madden, Esq.
Hack, Piro, O'Day, Merklinger, Wallace & McKenna

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec. 1332(a)
Brief description of cause:
Plaintiff alleges she was caused to slip and fall at defendant's facility.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE    DOCKET NUMBER
Explanation:

DATE
09/15/2011

SIGNATURE OF ATTORNEY OF RECORD

HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & McKENNA

COUNSELLORS AT LAW

30 Columbia Turnpike
Post Office Box 941
Florham Park, New Jersey 07932-0941
(973) 301-6500

Attorneys for Defendant
TARGET CORPORATION
Our File No. 43L-39.048951

| | |
|---|---|
| DONNA GAROFOLO and MICHAEL GAROFOLO, h/w<br><br>        Plaintiffs,<br><br>   vs.<br><br>TARGET CORPORATION OF MINNESOTA and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, and/or JOHN DOE (1-5) fictitious names, individually, jointly, severally and/or in the alternative.<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY DOCKET NO. GLO-L-1309-11<br><br>     Civil Action<br><br>  **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant, Target Corporation, a Minnesota Corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey, based upon the following:

1.   On or about August 1, 2011, Donna & Michael Garofolo, commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, entitled <u>Donna Garofolo and Michael Garofolo, h/w vs. Target Corporation, John Doe 1-5 and ABC Corps 1-5</u>,   Docket No. GLO-L-1309-11.

2.   A Summons was issued on Defendant Target Corporation on August 16, 2011.

3.   According to the Complaint and upon information and belief, plaintiffs are citizens of the State of New Jersey, residing in the City of Sicklerville, County of Camden and State of New Jersey.

4.   Defendant Target Corporation is incorporated in the State of Minnesota and has its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota

5.   Diversity of Citizenship existed among the parties when the Complaint was filed on or about August 1, 2011. Diversity of Citizenship still existed among the parties at the time this Notice of Removal is being filed.

6.   Based upon plaintiff's alleged injuries, coupled with medical bills, it is assumed by this defendant that plaintiff's injuries are in excess of $75,000 exclusive of interests and costs.   Therefore, the United States District Court for the District of New Jersey has diversity jurisdiction under 28 U.S.C. sec. 1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

7.   Pursuant to 28 U.S.C. sec. 1446(b), this Notice is being filed with this Court within thirty (30) days of defendant's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8.   Pursuant to 28 U.S.C. sec 1446(a), copies of the Summons, Complaint, Civil Case Information Statement, Track Assignment Notice, and Affidavit of Service, which constitute all process, pleadings and orders received by Target Corporation or its counsel in this matter, are attached hereto as Exhibit "A".

9.   Pursuant to 28 U.S.C. sec. 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court in Gloucester County and is being served upon plaintiff's counsel of record.

10.   In filing this Notice of Removal, Target Corporation does not waive any defects in service of process, venue or personal jurisdiction.

HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA, P.A.


THOMAS M. MADDEN
Attorney for Defendant
BY: TARGET CORPORATION

Dated: September 15, 2011

3

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, aside from the subject state court action, bearing Docket Number GLO-1309-11, the matter in controversy is not the subject of any other action pending in any court, of or any pending arbitration of administrative proceeding.

Pursuant to 23 U.S.C. Sec. 1746, I certify under penalty of perjury that the foregoing is true and correct.

HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA, P.A.


BY:

THOMAS M. MADDEN, ESQ.
Attorney for Defendant
TARGET CORPORATION

Dated: September 15, 2011

4

## Attachment to Civil Cover Sheet

Daniel E. Rosner, Esq.
Rosner Law Offices, P.C.
311 Landis Avenue
Vineland, NJ 08360
(856) 692-6500
Attorneys for Plaintiffs,
Donna Garofolo and Michael Garofolo
email: drosner@rosnerlaw.net


Thomas M. Madden,  Esq.
Hack, Piro, O'Day, Merklinger,
Wallace & McKenna
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932
(973) 301-6500
Attorneys for Defendant,
Target Corporation
email: tmadden@hpomlaw.com

# EXHIBIT A

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096
                                      TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 853-3232
COURT HOURS

                    DATE:   AUGUST 03, 2011
                    RE:     GAROFOLO ET AL VS TARGET CORP OF MINNESOTA ET AL
                    DOCKET: GLO L -001309 11


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON EUGENE J. MCCAFFREY JR

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 853-3295.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                    ATTENTION:


                         ROSNER LAW PC
                         311 LANDIS AVENUE
                         VINELAND       NJ 08360-8104


JUHBON1
```

Daniel E. Rosner, Esquire
311 Landis Avenue
Vineland, New Jersey 08360
856-692-6500
Attorney for Plaintiff
Our File No.: 10-093

| | | |
|---|---|---|
| DONNA GAROFOLO and MICHAEL GAROFOLO, h/w<br><br>          Plaintiff(s)<br><br>vs.<br><br>TARGET CORPORATION OF MINNESOTA and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, and/or JOHN DOE (1-5) fictitious names, individually, jointly, severally and/or in the alternative<br><br>          Defendant(s) | : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION GLOUCESTER COUNTY<br><br>Docket No.: GLO-1309-11<br><br>Civil Action<br><br>SUMMONS |

*THE STATE OF NEW JERSEY TO: DEFENDANT, TARGET CORPORATION OF MINNESOTA*

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call **will not** protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

     If you do not file and serve a **written** Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the County where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of those numbers is also provided.

DATED: August 15, 2011

                                */s/ Jennifer M. Perez*
                                Jennifer M. Perez
                                Acting Clerk of the Superior Court

Name & Address of Defendant to be served:
**The Corporation Trust Company**
c/o Target Corporation of Minnesota
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

AUG 1 - 2011

ROSNER LAW OFFICES, P.C.
311 Landis Avenue
Vineland, New Jersey 08360
856-692-6500
Attorney for Plaintiffs
09-049

| | |
|---|---|
| DONNA GAROFOLO and MICHAEL GAROFOLO, h/w | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: GLOUCESTER COUNTY |
| Plaintiff(s) | :<br>: Docket No.: L-1309-11 |
| vs. | :<br>: Civil Action |
| TARGET CORPORATION OF MINNESOTA and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, and/or JOHN DOE (1-5) fictitious names, individually, jointly, severally and/or in the alternative | : COMPLAINT and DEMAND FOR JURY<br>: TRIAL<br>:<br>:<br>:<br>: |
| Defendant(s) | : |

Plaintiff by and through her attorney, Daniel E. Rosner, Esquire, by way of Complaint, says:

1.  Plaintiff, Donna Garofolo is an adult individual residing at Olympia Lane in the City of Sicklerville, County of Camden, State of New Jersey 08081.

2.  Plaintiff, Michael Garofolo is an adult individual residing at Olympia Lane in the City of Sicklerville, County of Camden, State of New Jersey 08081.

3.  Defendant Target Corporation of Minnesota with its principal place of business at 1000 Nicollet Mall, City of Minneapolis, County of Hennepin, State of Minnesota 55403 was, and at all times relevant hereto continues to be, a foreign corporation authorized to do business in the State of New Jersey.

4. Defendant, Target Corporation of Minnesota at all times relevant hererin maintained business premises located at 1900 Deptford Center Road, City of Deptford, County of Gloucester, State of New Jersey 08096.

5. At all times relevant hereto, Defendant, Target Corporation of Minnesota acted or failed to act, by and through its agents, apparent agents, servants, workmen and/or employees in the course and scope of their agency/apparent agency/employment.

6. At all times relevant hereto Defendants, ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, and/or severally are heretofore unascertained individuals and/or other legal entities that are either (1) the principal of, (2) a subsidiary of, (3) the prime contractors of, (4) the engineer, architects and/or other design professional of Defendant(s) Target Corporation of Minnesota and/or (5) the owner/lessor, tenant/lessee, agent, maintenance company, controller and/or maintainer of the premises being operated by Defendant(s) Target Corporation of Minnesota at the time of the within described incident.

7. On or about December 15, 2009, plaintiff, Donna Garofolo, was a guest and/or business invitee lawfully on the premises of defendants, Target Corporation of Minnesota and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Does (1-5) fictitious names, at 1900 Deptford Center Road, City of Deptford, County of Gloucester, State of New Jersey 08096.

8. At the same time and place aforesaid, plaintiff, Donna Garofolo, was in the parking lot walking on or about the handicapped parking area when she was caused to trip and fall due the negligent design, construction, maintenance, supervision, and/or signage of that parking lot.

2

9. At all times material hereto, Defendants created and/or were otherwise responsible for the said dangerous condition(s), and for protecting any of their guests, business invitees, including Plaintiff.

10. At all times material hereto, Defendants created, or were otherwise aware and/or should have been aware of the said dangerous condition(s).

11. As a result of the aforesaid incident caused by the negligence of defendants, plaintiff was caused to sustain serious injuries and other losses hereinafter more fully set forth.

12. The aforesaid incident was the direct and proximate result of the negligence, carelessness and/or recklessness of defendants, and was due in no part to any act or any failure to act on the part of plaintiff.

13. As a direct and proximate result of the negligence, carelessness and/or recklessness of defendants, plaintiff has undergone and endured great and serious physical pain, suffering, mental anguish and emotional pain, significant scarring and disfigurement and has suffered severe and permanent bodily injuries including but not limited to:

   - Multipart comminuted fracture of the humeral neck and head with impaction of the right shoulder requiring surgical intervention of open reduction and internal fixation of the right proximal humerus;
   - Displacement of the tuberosity and a varus head of the right shoulder;
   - Large hemarthrosis/joint effusion of the right shoulder; and
   - Subluxation of the right shoulder.

14. As a further result of the incident as aforementioned, plaintiff has been obliged to receive and undergo medical attention and came to expend various sums of money and to incur various expenses for the injuries sustained, may have to expend such sums in the future, and is entitled to reimbursement from the defendants for same.

15. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has been and will continue to be prevented from engaging in normal daily activities, routines, and occupations, all to great emotional and financial detriment.

16. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has and will continue to suffer from a loss of earnings and depreciation of earning capacity.

17. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has suffered and will continue to suffer from great physical pain and suffering, mental pain and suffering, psychological/psychiatric injury, emotional upset and other non-economic losses.

18. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has and will continue to suffer from embarrassment, humiliation and degradation.

19. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has and continues to suffer from fear, apprehension, frustration and anxiety.

20. As a further result of the negligence, carelessness and/or recklessness of defendants, plaintiff has and will continue to suffer from the loss of the normal pleasures and enjoyment of life.

## Count One
### Donna Garofolo vs. Target Corporation of Minnesota

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein at length.

2. At all times material hereto, Defendant, Target Corporation of Minnesota created and/or was otherwise responsible for the said dangerous condition and for protecting their guests and/or business invitees, including the plaintiff.

3. At all times material hereto, Defendant, Target Corporation of Minnesota was aware and/or should have been aware of the said dangerous condition and failed to take reasonable precaution to protect their business invitees, including the plaintiff.

4. The negligence, carelessness and/or recklessness of defendant Target Corporation of Minnesota consisted of the following:

    (A)    Creating said dangerous condition;

    (B)    Failing to properly inspect and warn guests and/or business invitees of the hazardous condition;

    (C)    Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;

    (D)    Failing to provide a safe area for guests and/or business invitees;

    (E)    Negligently allowing guests and/or business invitees to traverse said area;

    (F)    Failing to otherwise protect guests and/or business invitees from said dangerous condition;

    (G)    Failing to take/employ suitable safety measures when defendant knew or should have known of said dangers;

    (H)    Being careless and negligent as a matter of law; or

    (I)    Being reckless under the circumstances and as discovery may disclose.

WHEREFORE, plaintiff, Donna Garofolo, demands judgment in her favor and against defendant Target Corporation of Minnesota in an amount sufficient to compensate her for her injuries/damages, together with interest, costs of suit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

### Count Two
### Donna Garofolo vs. ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein

at length.

2. At all times material hereto, defendant ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names, created and/or were otherwise responsible for the said dangerous condition and for protecting of their guests and/or business invitees, and/or the guests and/or business invitees of Target Corporation of Minnesota, including the plaintiff.

3. At all times material hereto, defendant ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names was aware and/or should have been aware of the said dangerous condition, and failed to take reasonable precaution to protect their business invitees and/or the guests and/or business invitees of Target Corporation of Minnesota, including the plaintiff.

4. The negligence, carelessness and/or recklessness of defendants ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names that proximately caused said accident, consisted of the following:

   (A)   Creating said dangerous condition;
   (B)   Failing to properly inspect and warn guests and/or business invitees of the dangerous condition;
   (C)   Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;
   (D)   Failing to provide a safe area for guests and/or business invitees;
   (E)   Negligently allowing guests and/or business invitees to traverse said area;
   (F)   Failing to otherwise protect guests and/or business invitees from said dangerous condition;
   (G)   Failing to take/employ suitable safety measures when defendant knew or should have known of said dangers;
   (H)   Being careless and negligent as a matter of law; or
   (I)   Being reckless under the circumstances and as discovery may disclose.

5. The aforesaid incident was due to the negligence and carelessness of ABC Inc., (1-5)

fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names acting as aforesaid and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

WHEREFORE, plaintiffs, Donna Garofolo, demand judgment in her favor and against defendants ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names in an amount sufficient to compensate her for her injuries/damages together with interest, costs of suit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

### Count Three
### Michael Garofolo vs. Target Corporation of Minnesota, ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names

1. Plaintiffs repeat each and every paragraph of the Complaint as though fully set forth herein at length.

2. At all time relevant herein Plaintiff, Michael Garofolo, is the lawfully wedded husband of plaintiff Donna Garofolo.

3. Solely as the result of the aforesaid accident caused by the negligence of the defendants, plaintiff, Michael Garofolo was caused to be deprived of the services, consortium, aid, assistance, society, companionship, comfort and earning power of said spouse of which has been and in the future will be to great emotional and financial detriment.

WHEREFORE, plaintiff Michael Garofolo demands judgment in his favor and against defendants Target Corporation of Minnesota, ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages

7

under the laws of the State of New Jersey, together with interest, costs of suit, reasonable counsel

fees and such further relief as this Court deems just and appropriate.

Dated: 7/27/11

DANIEL E. ROSNER, ESQUIRE
Attorney for Plaintiff

8

CERTIFICATION

I, DANIEL E. ROSNER, ESQUIRE, hereby certify that I am an attorney at law licensed to practice law in the State of New Jersey, that I am counsel for Plaintiffs in the above action and that the subject matter of the above action is not the subject matter of another action or arbitration proceeding currently pending in this or any other Court.

I further certify that there are no parties necessary for a full and complete adjudication of the claims raised in this action that have not already been joined as partners in this action.

DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues herein.

DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Daniel E. Rosner, Esquire, is hereby designated as trial counsel for the Plaintiff(s).

DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made of the defendant for answers to Uniform C and C-2 Interrogatories and Supplemental Interrogatories pursuant to Rule 4:17-1(b).

DANIEL E. ROSNER, ESQUIRE
Attorney for Plaintiff

Dated: 7/29/11

9

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME<br>Daniel E. Rosner, Esquire | TELEPHONE NUMBER<br>(856) 692-6500 | COUNTY OF VENUE<br>Gloucester |
|---|---|---|
| FIRM NAME  (if applicable)<br>ROSNER LAW OFFICES, P.C. | | DOCKET NUMBER  (when available) |
| OFFICE ADDRESS<br>311 W. Landis Avenue, Vineland, NJ 08360 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Donna & Michael Garofolo, Plaintiffs | CAPTION<br>Garofolo vs. Target Corporation of Minnesota |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>605 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?   ☐ Yes   ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?   ☐ Yes   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)<br>Sedgwick CMS   ☐ NONE   ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ Yes   ■ No | IF YES, IS THAT RELATIONSHIP?<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ NO | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

AUG 1 - 2011

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:  *Daniel E. Rosner*

Effective 01/03/2011, CN 10517-English                                                                              page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280   ZELNORM                              290   POMPTON LAKES ENVIRONMENTAL LITIGATION
285   STRYKER TRIDENT HIP IMPLANTS         291   PELVIC MESH/GYNECARE
288   PRUDENTIAL TORT LITIGATION           292   PELVIC MESH/BARD

**Mass Tort (Track IV)**
248   CIBA GEIGY                           281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
266   HORMONE REPLACEMENT THERAPY (HRT)    282   FOSAMAX
271   ACCUTANE                             283   DIGITEK
274   RISPERDAL/SEROQUEL/ZYPREXA           284   NUVARING
275   ORTHO EVRA                           286   LEVAQUIN
277   MAHWAH TOXIC DUMP SITE               287   YAZ/YASMIN/OCELLA
278   ZOMETA/AREDIA                        601   ASBESTOS
279   GADOLINIUM

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ Putative Class Action       ☐ Title 59



HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & McKENNA

COUNSELLORS AT LAW

30 Columbia Turnpike
Post Office Box 941
Florham Park, New Jersey 07932-0941
(973) 301-6500

Attorneys for Defendant
TARGET CORPORATION
Our File No. 43L-39.048951

| | |
|---|---|
| DONNA GAROFOLO and MICHAEL GAROFOLO, h/w<br><br>     Plaintiffs,<br><br>  vs.<br><br>TARGET CORPORATION OF MINNESOTA and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, and/or JOHN DOE (1-5) fictitious names, individually, jointly, severally and/or in the alternative.<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: GLOUCESTER COUNTY<br>DOCKET NO. GLO-L-1309-11<br><br>Civil Action<br><br>**APPLICATION FOR CLERK'S ORDER EXTENDING THE TIME WITHIN WHICH DEFENDANT, TARGET CORPORATION MAY ANSWER, MOVE OR OTHERWISE REPLY TO THE COMPLAINT** |

Application is hereby made, pursuant to Local Civil Rule 6.1 (b), by defendant, Target Corporation, (hereinafter referred to as "defendant"), for a Clerk's Order extending the time within which the defendant may answer, move or otherwise reply to the Complaint for a period of fifteen (15) days, through and including September 30, 2011.

It is represented that:

1.   Defendant was first served with a copy of the Summons and Complaint on August 16, 2011..

2.   No previous extension has been obtained by defendant, Target Corporation.

3.   Defendant timely removed the Complaint on September 15, 2011.

4.   Pursuant to Rule 81 ( c) of the Federal Rules of Civil Procedure, the time for defendant to answer, move or otherwise reply presently expires on September 15, 2011.

5.   Accordingly, defendant seeks an extension until September 30, 2011, pursuant to Local Civil Rule 6.1 (b).


                              HACK, PIRO, O'DAY, MERKLINGER,
                              WALLACE & MCKENNA, P.A.

               BY:

                              THOMAS M. MADDEN
                              Attorney for Defendant
                              TARGET CORPORATION

Dated: September 15, 2011